United States District Court
Southern District of Texas

**ENTERED**

March 17, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ROSALVA PRUNEDA, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 4:24-cv-4746 |
| | § | |
| CHARLES E. DILLARD, | § | |
| WERNER ENTERPRISES, INC. | § | |
| | § | |
| **Defendants.** | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendant Werner Enterprises, Inc.'s ("Werner") Motion for Partial Summary Judgment (ECF No. 17). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Werner's motion (*id.*) be **GRANTED**.

### I.     Background

This action arises out of a motor vehicle accident occurring on March 11, 2024, between a vehicle operated by Plaintiff Rosalva Pruneda ("Plaintiff") and a tractor-trailer owned by Werner and operated by co-Defendant Charles E. Dillard ("Dillard"). (ECF No. 1-2 at 3). Plaintiff alleges she was stopped at a

---

[1] On April 10, 2025, this case was referred to the Undersigned to conduct all further proceedings, including the issuance of a Memorandum and Recommendation on any dispositive motions. (ECF No. 14).

red light at the intersection of North Victoria Hwy US 77 and North Alamo St., SH 183, in Refugio County, Texas, when Dillard, while traveling southbound on North Victoria Hwy US 77, merged onto the turning lane to make a left turn on North Alamo St. SH 183, and subsequently collided his driver's side rear tractor-tire with Plaintiff's car, causing injuries. (*Id.*).  On November 7, 2024, Plaintiff sued Werner and Dillard (collectively, "Defendants") in the 135th Judicial District Court of Refugio County, Texas.  (ECF No. 1-2 at 1).  On December 4, 2024, Werner removed the case to this Court based on diversity jurisdiction.  (ECF No. 1).

In Plaintiff's original petition, she asserts claims of ordinary negligence and negligence per se against Defendants, and advances theories of vicarious liability under the respondeat superior doctrine, and direct liability for negligent training, supervision, enforcement of safety policies, and entrustment against Werner.  (ECF No. 1-2 at 4–8).

Werner has filed a motion for partial summary judgment, seeking summary judgment on Plaintiff's direct liability claims.  (ECF No. 17 at 1). Plaintiff filed a response in opposition (ECF No. 21),[2] and Werner filed a reply

---

[2] With his response, Plaintiff has also submitted a USB of Werner's Forward-Facing Dash Cam Video at the time of accident, which the Court has reviewed.  (*See* ECF No. 21-1).

2

(ECF No. 22). For the following reasons, the Courts finds that the motion should be granted.

## II. Legal Standard

Motions for summary judgment are governed by Federal Rule of Civil Procedure ("Rule") 56. Rule 56(a) instructs the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Talasek v. Nat'l Oilwell Varco, L.P.*, 16 F.4th 164, 168 (5th Cir. 2021) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A material fact is one that "might affect the outcome of the suit under the governing law." *Bazan ex rel. v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis omitted); *see Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021). "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis omitted). The Court must view the evidence in a light most favorable to the

nonmovant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that demonstrate the absence of genuine issues of material fact. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Celotex Corp.*, 477 U.S. at 323). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant satisfies the initial burden, it shifts to the nonmovant who must produce evidence of a genuine factual dispute; he may not merely rest on the allegations in his pleading. *See Coastal Agric. Supply, Inc.*, 759 F.3d at 505. The Court should not accept "[u]nsubstantiated assertions, improbable inferences, [or] unsupported speculation" as sufficient to carry the nonmovant's burden. *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). However, where there is evidence of a genuine factual dispute, such disputes are resolved in favor of the nonmoving party "when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525

(5th Cir. 1999); *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). Further, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Baker v. Coburn*, 68 F.4th 240, 244 (5th Cir. 2023), *as revised* (May 19, 2023).

## III.   Discussion

Werner seeks summary judgment on Plaintiff's direct liability claims. (ECF No. 17). Werner argues these claims fail because Werner admits the accident occurred in the course and scope of Dillard's employment with Werner, and, therefore, the direct liability claims against Werner are duplicative of its liability under respondeat superior and thus barred by the admission rule.[3] (*Id.* at 6–9). The Court agrees.

In the original petition, Plaintiff asserts Werner is vicariously liable for Dillard's negligence under the theory of respondeat superior and further asserts a direct cause of action against Werner for negligent training, supervision, enforcement of safety policies, and entrustment. (ECF No. 1-2 at

---

[3] The "admission rule" provides that if an employer admits or stipulates that an employee acted within the scope of employment in committing a tort, the employer is not subject to liability for derivative claims like negligent hiring or supervision. *See generally Werner Enters., Inc. v. Blake*, 719 S.W.3d 525, 542 (Tex. 2025) (Young, J., concurring) (citing *McHaffie v. Bunch*, 891 S.W.2d 822, 827 (Mo. 1995); Restatement (Third) of Agency § 7.05) (writing separately to discuss various analyses of admission rule), *reh'g denied* (Sep. 26, 2025).

4–8).  The substantive law of Texas, which applies in this diversity case,[4] recognizes the theory of respondeat superior, under which "an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment."  *Sanchez v. Transportes Internacionales Tamaulipecos S.A de C.V.*, No. 7:16-cv-354, 2017 WL 3671089, at \*2 (S.D. Tex. July 20, 2017) (citing *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007)).  "Conversely, direct causes of action asserting negligent hiring, negligent training, negligent supervision, and/or negligent entrustment are based on the employer's own negligent conduct and not the employee's negligent conduct."  *Trinh v. Hunter*, No. 20-cv-00725, 2022 WL 6813293, at \*4 (W.D. Tex. Oct. 11, 2022) (citing *Williams v. McCollister*, 671 F. Supp. 2d 884, 888 (S.D. Tex. 2009)).

"The Texas Supreme Court has held that negligent hiring requires proof that the employer was negligent in hiring the employee, the employee was subsequently negligent, and both negligent acts proximately caused the plaintiff's injury."  *Cornejo v. EMJB, Inc.*, No. 19-cv-01265, 2021 WL 4526703, at \*8 (W.D. Tex. Oct. 4, 2021) (citing *Endeavor Energy Resources, L.P. v. Cuevas*, 593 S.W.3d 307, 311 (Tex. 2019)).  "Although the Texas Courts of

---

[4] *See, e.g., Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013) (noting that federal court sitting in diversity applies substantive law of forum state).

Appeals have recognized claims of negligent supervision, training, and retention, the Texas Supreme Court has not ruled definitively on the existence, elements, and scope of these torts." *Id.* (citing *Sanchez*, 2017 WL 3671089, at \*2 (citing *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n.27 (Tex. 2010))). "Regardless, to the extent that these are viable claims under Texas law, they are based on an employer's direct negligence rather than its vicarious liability." *Sanchez*, 2017 WL 3671089, at \*2 (citations omitted). "Texas law 'instructs that where a plaintiff alleges ordinary (rather than gross) negligence, and the employer stipulates to its vicarious liability for its employee's negligence, a respondeat superior claim and the type of direct negligence claims asserted here are "mutually exclusive" means of recovering from the employer.'" *Cornejo*, 2021 WL 4526703, at \*8 (quoting *Sanchez*, 2017 WL 3671089, at \*2); *see also Trinh*, 2022 WL 6813293, at \*5 (granting summary judgment as to direct negligence claim where employer stipulated to vicarious liability); *Kuss v. Ulmer*, No. 19-cv-629, 2021 WL 1433062, at \*5–6 (W.D. Tex. Mar. 17, 2021) (same); *Ochoa v. Mercer Transp. Co.*, No. 5:17-cv-1005, 2018 WL 7505640, at \*3 (W.D. Tex. Dec. 10, 2018) (same); *Fuller v. Werner Enters., Inc.*, No. 3:16-cv-2958, 2018 WL 3548886, at \*3, 5 (N.D. Tex. July 24, 2018) (same).[5]

---

[5] In opposing Werner's motion for partial summary judgment, Plaintiff does not address case law cited by Werner, which instructs that where a plaintiff alleges ordinary (rather than gross) negligence, and the employer stipulates to its vicarious liability for its employee's negligence, a respondeat superior claim and the type of direct negligence claims

7

Werner does not dispute that Dillard was acting in the course and scope of his employment with Werner at the time of the accident, and, in doing so, has stipulated to its vicarious liability for any negligent acts or omissions of Dillard. (ECF No. 17 at 6–7; ECF No. 22 at 1–3). Accordingly, if a jury were to conclude that Dillard was negligent and that his negligence proximately caused Plaintiff's injuries, Werner would bear vicarious liability for his negligence regardless of any inadequacy in its hiring, training, supervision, or retention of Dillard as an employee. *Cornejo*, 2021 WL 4526703, at *8 (citing *Ochoa*, 2018 WL 7505640, at *3). Further, if the factfinder determines that Dillard was not negligent, then any negligence on the part of Werner in its hiring, supervision, training, or retention of Dillard could not have served as the proximate cause of Plaintiff's damages. *Cornejo*, 2021 WL 4526703, at *8 (citing *Sanchez*, 2017 WL 3671089, at *2). Thus, Defendants are entitled to summary judgment on Plaintiff's claims against Werner for direct negligence.[6]

---

asserted here are mutually exclusive means of recovering from the employer. (ECF No. 21). *See Sanchez*, 2017 WL 3671089, at *2 (noting plaintiff's failure to address case law and rejecting her argument that a jury could find direct negligence on the alleged bases that employee was "unqualified" to drive an 18-wheeler and that employer was negligent in hiring him and failing to provide him with adequate training). *See also Fuller*, 2018 WL 3548886, at *2 ("[I]f the plaintiff does not allege gross negligence, and the defendant employer admits vicarious liability, 'the competence or incompetence of the [employee] and the care which was exercised in his employment are immaterial issues.'" (citing *Sanchez*, 2017 WL 3671089, at *2)).

[6] Werner additionally argues that even if such direct liability claims could be asserted, Plaintiff has not produced evidence to support her claims. (ECF No. 17 at 12–17). Because Plaintiff has alleged only simple negligence (and not gross negligence) and Werner has

8

## IV.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** Werner's Motion for Partial Summary Judgment (ECF No. 17) be **GRANTED**.  Further, the Court **RECOMMENDS** Plaintiff's direct liability claims against Werner be **DISMISSED WITH PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on March 17, 2026.

Richard W. Bennett
United States Magistrate Judge

---

conceded its vicarious liability, such that Plaintiff's direct liability claims against Werner must be dismissed, the Court need not reach these alternative arguments.

9